EZRA M. JACKMAN *vs.* SECOND SCHOOL DISTRICT IN SALIS-
BURY.

A school district tax cannot be assessed on an inhabitant who is set off by vote of the town to another district before the assessment is complete, though after the tax is voted and expenses incurred in behalf of the school district in the execution of its object.

ACTION OF CONTRACT to recover back a school district tax. At the trial in the court of common pleas, before *Morris*, J., the following facts, besides others not material to the only point

decided by this court, were admitted: The plaintiff was an inhabitant of the second school district in Salisbury on the 8th of October 1853. At a district meeting held on that day, it was voted to raise the sum of $1,500, and a committee was appointed to superintend the building; and the district clerk certified the sum to the assessors on the same evening. At a town meeting held on the afternoon of the 10th of the same October, it was voted that the part of the second district, in which the plaintiff resided, should be created into a new district.

The defendants offered evidence tending to show that a majority of the assessors duly met on the morning of the 10th, and commenced an assessment on the polls and estates of the inhabitants of the second district, and that before the town meeting they went so far as to strike two polls from the list. Nothing further was done till about the 15th of October, and the assessment was not completed and signed till the 1st of November following. The judge ruled that the assessment was not made until the 1st of November.

The defendants offered to show that, immediately after the adjournment of the district meeting on the 8th of October, the building committee made a contract, in the name of the district, for lumber for the schoolhouse. But the judge ruled that such evidence would not warrant the assessment of a tax upon the plaintiff after the redistricting of the town. A verdict was rendered for the plaintiff, and the defendants alleged exceptions.

*D. Roberts & S. H. Phillips*, for the defendants.

*R. Cross & O. P. Lord*, for the plaintiff.

THOMAS, J. There is one point which settles this case. Before the assessment of the tax, the plaintiff had been set off into another district, and was not therefore liable to be taxed in the old one. This point is distinctly decided in *Richards* v. *Dagget*, 4 Mass. 534. The case of *Waldron* v. *Lee*, 5 Pick. 323, affirms the doctrine of *Richards* v. *Dagget*, as to the time when the liability is fixed. " We think," say the court, " the better ground is, that no individual debt is incurred until the assessment is made." 5 Pick. 332, 333. Again: " We consider further, that the inhabitants set off were charged with the taxes

legally voted and assessed before the separation, and are now liable for the same; the debt being fixed by the assessment." 5 Pick. 335. We know of no subsequent case that impairs the effect of these decisions.

The suggestion is made, that since the case of *Richards* v. *Dagget* districts have been invested with new powers. This is so; but we do not perceive that the power of towns to create, alter or abolish school districts has been impaired, with the exception that towns cannot be districted anew, so as to change the taxation of lands of proprietors into districts using different schoolhouses, oftener than once in ten years. *St.* 1849, *c.* 206. See also *St.* 1851, *c.* 303.

On the other hand, the legislature, as well as the court, have recognized this power of towns as existing in full force. Rev. Sts. *c.* 23, § 24. *Sts.* 1850, *c.* 286; 1852, *c.* 199; 1853, *c.* 153. *Perry* v. *Dover*, 12 Pick. 206. *Allen* v. *School District in Westport*, 15 Pick. 35. *Alden* v. *Rounseville*, 7 Met. 218.

This tax was not assessed until after the plaintiff had been set off to a new district. The assessors, or a majority of them, met in the forenoon before the town meeting of October 10th at which the district was formed, commenced revising the list of persons in the district, liable to taxation, and went so far as to strike two polls from the list. This was merely preliminary. Nothing further was done till October 15th. And the bill of exceptions expressly finds that the assessment was not completed till November 1st. The list referred to in the bill of exceptions could not be the list to be committed to the collector. That could only be made when the assessment was complete.

If the plaintiff was not liable to be taxed at all, it becomes unnecessary to consider the other questions raised by the exceptions.                    *Exceptions overruled.*